# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY,  )<br>660 Pennsylvania Ave SE #402  )<br>Washington, DC 20003  )<br>  )<br>　　*Plaintiff,*  )<br>  )<br>　　vs.  )<br>  )<br>  )<br>UNITED STATES DEPARTMENT  )<br>OF AGRICULTURE,  )<br>1400 Independence Ave., SW  )<br>Washington, DC 20250  )<br>  )<br>　　*Defendant.*  )<br>　　　　　　　　　　　　　　　　)  | Case No. 18-2167<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. NATURE OF ACTION

1. The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect human health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the United States Department of Agriculture (USDA)'s unlawful withholding of documents relating to three Food Safety & Inspection Service (FSIS) public meetings titled "Sanderson Farm Test Data," "NPIS," and "Update on Data Collection."

2. CFS filed a FOIA request with USDA to better understand FSIS's regulatory oversight of foods and the nature of FSIS's discussions with regulated industry in regards to food safety and product labelling. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's actions.

3. USDA is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, and by failing to provide both an initial determination as to the scope of the records to be produced or withheld, and an estimated date by which the agency's search will be complete.

4. USDA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that USDA is in violation of FOIA, and injunctive relief directing USDA to provide responsive records without any further delay.

## II.     JURISDICTION AND VENUE

5.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.     PARTIES

9.     Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and works to address the impacts of our food production system on human health, animal welfare, and the environment. To that end, CFS promotes strong label standards that adequately disclose the process and ingredients that comprise food products to ensure that the public has access to information on the foods they consume. With over 950,000 farmer and consumer supporters nationwide, CFS informs, educates, and counsels the public on the harm done to human health, animal welfare, and the environment by industrial agriculture. Through nearly two decades of involvement in technical analysis, environmental litigation, and policymaking as it relates to food and environmental impacts, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS

publishes reports on a variety of topics, including on genetically engineered foods, pesticides, food and food additives, and other food and agricultural topics that tend to be difficult for the layperson to understand without professional assistance. CFS and its members are harmed by USDA's violations of FOIA, as such violations preclude CFS from gaining a full understanding of the nature of FSIS's discussions with regulated industry in regards to food safety and product labelling.

10. Defendant USDA is a cabinet-level agency within the Executive Branch of the United States Government. USDA is in possession and control of the records that CFS seeks, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). USDA is therefore subject to FOIA.

### IV. LEGAL BACKGROUND

11. The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id*. § 552(a)(6)(A).

13. Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to

seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14. FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id*. at 188.

16. If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17. Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

18.	The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.	FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.	With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Washington,* 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.	In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

22.	FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.	FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.     In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25.     Agency decisions regarding whether fee waiver criteria is satisfied must be in keeping with the purpose of the fee waiver amendments, which were enacted to allow further disclosure to nonprofit, public interest organizations. *See* 132 Cong. Rec. S. 14270-01, (statement of Sen. Leahy) ("[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information."). Furthermore, "Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (citing *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (citing Sen. Leahy) (quotations omitted).

26.     Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

### V.     FACTUAL BACKGROUND

27.     On July 19, 2018, CFS submitted a FOIA request to USDA, seeking "Any and all documents relating to the following three FSIS public meetings: (1) November 8, 2016 in Washington, DC, with Gary Kushner and Brian Williams (Hogan Lowells), titled 'Sanderson Farm Test Data'; (2) April 4, 2017 in Washington, DC, with Joe Sanderson, Lampkin

Butts, John Lundy, Susan Butler, Marty Ewing and Brian Williams (Sanderson Farms), titled 'NPIS'; and (3) February 28, 2018 in Washington, DC, with Marty Ewing, Brian Williams, Johnathan James and Jimmy Walker (Sanderson), titled 'Update on Data Collection'" (July 19 FOIA Request). In addition, the July 19 FOIA Request asked that USDA waive all fees in connection with the procurement of this information, because fee waiver criteria was met pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28. On August 8, 2018, USDA sent a formal acknowledgment letter confirming receipt of the July 19 FOIA Request and granting the fee waiver (August 8 Letter).

29. The August 8 Letter from the USDA acknowledged that an initial determination on the July 19 FOIA Request was due twenty working days after the date CFS submitted the request. As such, the deadline for an initial determination was August 16, 2018.

30. On August 31, 2018, CFS sent an email requesting an initial determination as to the scope of the records the agency intends to produce or withhold, any production of documents, or an estimated date of completion for either review or production of documents responsive to this request. CFS explained that under FOIA, an initial determination was due August 16, 2018, and that even if the agency had availed itself of a ten working-day extension, the revised deadline for an initial determination would have been August 26, 2018.

31. On September 13, 2018, having received no response to the August 31, 2018 email, CFS once again asked USDA if it had any update on the status of the request.

32. As of the date of this complaint, CFS has received no further communications from USDA.

33. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the July 19 FOIA Request.

34. CFS has been required to expend resources to prosecute this action.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

35. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

36. USDA violated FOIA by failing to make a determination on CFS's July 19 FOIA Request. 5. U.S.C. § 552(a)(6).

37. CFS has a statutory right to receive a determination within the congressionally mandated deadline of twenty working days. *Id*.

38. To date, USDA has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

39. USDA did not request additional time to comply with the request. Even accounting for a ten-working-day extension, USDA has still failed to meet the deadline by which an initial determination is required.

40. USDA's failure to make an initial determination with regard to the July 19 FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id.* § 552(a)(6)(A)(i).

41. As such, CFS has exhausted the applicable administrative remedies with respect to the July 19 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

42. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USDA in the foreseeable future.

43. CFS's organizational activities will be adversely affected if USDA continues to violate FOIA by failing to disclose responsive records as it has in this case.

44. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, USDA will continue to violate CFS's rights to receive public records under FOIA.

**SECOND CAUSE OF ACTION**
**Defendant Failed to Conduct an Adequate Search for Responsive Records**

45. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

46. USDA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

47. CFS has a statutory right to have USDA process its July 19 FOIA Request in a manner that complies with FOIA. *Id.*

48. USDA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the July 19 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

49.     CFS has exhausted the applicable administrative remedies with respect to the July 19 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

50.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USDA in the foreseeable future.

51.     CFS's organizational activities will be adversely affected if USDA continues to violate FOIA by failing to disclose responsive records as it has in this case.

52.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, USDA will continue to violate CFS's rights to receive public records under FOIA.

### THIRD CAUSE OF ACTION
### Defendant Unlawfully Withheld All Responsive Records

53.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

54.     USDA violated FOIA by failing to promptly disclose records that are responsive to CFS's July 19 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

55.     CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for USDA to withhold these records from CFS. *See Id*. § 552(b)(1)-(9).

56.     To date, USDA has not provided any records requested by CFS in the July 19 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

57.     As such, USDA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. USDA's unlawful withholding prejudices CFS's ability to timely obtain public records.

58.        CFS has exhausted the applicable administrative remedies with respect to the July 19 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

59.        Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USDA in the foreseeable future.

60.        CFS's organizational activities will be adversely affected if USDA continues to violate FOIA by failing to disclose responsive records as it has in this case.

61.        Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, USDA will continue to violate CFS's rights to receive public records under FOIA.

### FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

62.        The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

63.        USDA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the July 19 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

64.        CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id*.

65.        To date, USDA has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the July 19 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

66.        CFS has exhausted the applicable administrative remedies with respect to the July 19 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

67. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USDA in the foreseeable future.

68. CFS's organizational activities will be adversely affected if USDA continues to violate FOIA by failing to disclose responsive records as it has in this case.

69. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, USDA will continue to violate CFS's rights to receive public records under FOIA.

## FIFTH CAUSE OF ACTION
### Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA

70. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

71. USDA violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)-(B).

72. CFS has a statutory right to have USDA process its July 19 FOIA Request in a manner which complies with FOIA. USDA has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the July 19 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

73. USDA's failure to inform CFS of an estimated completion date for the July 19 FOIA Request has prejudiced CFS's ability to timely obtain public records.

74. CFS has exhausted the applicable administrative remedies with respect to the July 19 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

75. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USDA in the foreseeable future.

76. CFS's organizational activities will be adversely affected if USDA continues to violate FOIA by failing to disclose responsive records as it has in this case.

77. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, USDA will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request as required by FOIA by a date certain;

2. Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's July 19 FOIA Request, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's July 19 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendant unlawfully failed to undertake a search for and disclose of all records responsive to Plaintiff's July 19 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5. Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6. Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's July 19 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7. Provide for expeditious proceedings in this action.

8. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9. Grant such other relief as the Court may deem appropriate.

Dated this 19th day of September, 2018.

                              Respectfully submitted,

                              CENTER FOR FOOD SAFETY,
*/s/ George A. Kimbrell*

GEORGE A. KIMBRELL (WA 36050)
Center for Food Safety
917 SW Oak St. Suite 300
Portland, Oregon 97205
T: (971) 271-7372 / F: (971) 271-7374
Email: gkimbrell@centerforfoodsafety.org

KELLAN SMITH (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: ksmith@centerforfoodsafety.org

*Counsel for Plaintiff*